# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CH2M HILL, INC., | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No.: SA-09-CV-555-XR |
| COMAL COUNTY, TEXAS, | § § § | |
| *Defendant.* | § | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

On this date, the Court considered Defendant's motion to dismiss (Docket Entry No. 3). Having reviewed the motion, Plaintiff's response, and Defendant's reply, the motion to dismiss is DENIED. Defendant is not immune from suit and this Court has jurisdiction to adjudicate this case. Moreover, Plaintiff provides sufficient allegations to bring a claim for breach of contract and to seek a declaratory judgment.

### Factual and Procedural Background

Plaintiff CH2M Hill, Inc., ("CH2M") is a Florida corporation with its principal place of business in Colorado. Comal County ("Comal") is a political subdivision of the State of Texas. CH2M sued Comal for breach of contract and requested a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure, and the Texas Declaratory Judgment Act, Chapter 37 of the Texas Civil Practices and Remedies Code. (Pl.'s Original Compl. (July 9, 2009) [Docket Entry No. 1] ("Compl.").) Plaintiff seeks declaratory judgment, actual damages, reasonable and necessary attorney's fees, cost of court, and pre- and post-judgment interest at the highest rate permitted by law. (Compl. ¶ 16.)

1

CH2M and Comal entered into a contract in which CH2M would provide professional engineering services related to the Comal County Flood Retarding Structure. (Compl. ¶ 5.) The Contract describes the scope of the services that would be provided by CH2M and divided the process into four phases: Phase one being the concept verification study, phase two being the preliminary design, phase three being the final design and bidding, and finally phase four consisting of the construction services. (Compl. ¶ 6.) Plaintiff alleges that Comal terminated the contract without cause on July 9, 2009, and that such termination constitutes a breach of contract barring Defendant from recovering $429,299.00 paid for engineering services performed. (Compl. ¶ 7.)

Plaintiff filed this lawsuit on July 9, 2009, in the United States District Court for the Western District of Texas, San Antonio Division, asserting a claim for breach of contract against Comal and requesting a declaratory judgment as to the parties' rights and responsibilities under the terms of the contract. CH2M asserted that this Court has jurisdiction of the matter pursuant to 28 U.S.C. § 1332 since the Plaintiff and Defendant are from different states and the amount in controversy exceeds $75,000. On July 29, 2009, Comal filed a motion to dismiss for lack of jurisdiction (Def.'s Mot. to Dismiss (July 29, 2009) [Docket Entry No. 3] ("Mot.").), claiming that suit was barred on the basis of immunity and stating that Comal County is an arm of the state. (Mot. at 3–5.) Plaintiff filed a response in opposition to the motion to dismiss on August 6, 2009, arguing that declaratory judgment is proper in this case because an actual, present, and justiciable controversy exists with respect to the interpretation of the terms and provision of the contract, and declaratory relief is necessary to protect the parties' interests under the contract. (Pl.'s Resp. to Def.'s Mot. to Dismiss (August 6, 2009) [Docket Entry No. 5] ("Resp.").) Comal subsequently filed a reply to CH2M's response to the motion to dismiss claiming that there has been no waiver of governmental immunity by Comal, and

2

therefore, the motion to dismiss should be granted. (Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss (August 18, 2009) [Docket Entry No. 8] ("Reply").)

## Standard of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party can seek dismissal of an action for lack of subject matter jurisdiction. The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). When a Rule 12(b)(1) motion is accompanied by supporting evidence, as in this case, a Rule 12(b)(1) motion challenging the Court's jurisdiction is a "factual attack." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A plaintiff responding to a factual attack on the Court's jurisdiction generally bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction.

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view then in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). The Court may not look beyond the pleadings in ruling on the motion. *Baker*, 75 F.3d at 196. Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 164 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). However, the Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Truchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067

(5th Cir. 1994).

## Analysis

### A. Comal County's Claim of Immunity

While it is true that a State enjoys sovereign immunity under the Eleventh Amendment, this immunity is not absolute. *Caldera v. County of El Paso*, 520 F. Supp. 2d 846, 851 (W.D. Tex. 2007) (citing *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). A State's immunity may be overcome by statutory authorization, or a State may waive its sovereign immunity. *See id.* The United States Supreme Court has evaluated the immunity of counties under the Eleventh Amendment, holding that entities, including counties, that are not arms of the state are not entitled to protection under the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 756, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) ("The second important limit to the principle of sovereign immunity is that it bars suits against States but not lesser entities. The immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State."). Following federal jurisprudence, the Texas Supreme Court declared that counties are not considered an "arm of the state" resulting in Eleventh Amendment protection. *Hoff v. Nueces County*, 153 S.W.3d 45, 47 (Tex. 2004) ("We hold that Texas counties . . . possess sufficient indicia of independence that they are not arms of the state for purposes of the Eleventh Amendment.").

Comal's assertion of sovereign immunity from suit in federal court cannot be sustained. Comal alleges that it is an arm of the state and is therefore afforded some type of immunity from suit in federal court. (Mot. at 3–5). However, as the Texas Supreme Court has declared in accordance with federal jurisprudence, Texas counties "are not arms of the state for purposes of the Eleventh

4

Amendment . . . ." *Hoff*, 153 S.W.3d at 47. Comal distinguishes between sovereign immunity and governmental immunity, however it has been established that there is no other state sovereign immunity than that recognized under the Eleventh Amendment. *Caldera*, 520 F. Supp. 2d at 852 (citing *Meyers ex. rel. Benzig v. Texas*, 410 F.3d 236, 242–43 (5th Cir. 2005)).

In its motion, Comal relies on Texas Local Government Code § 262.007, which essentially waives its immunity to be sued on a claim arising under a contract for engineering, architectural, or construction services. TEX. LOC. GOV'T CODE ANN. § 262.007 (Vernon 2003). Comal recognizes that this statute waives its claim of sovereign immunity, but asserts that it only applies in state court. (Mot. at 5). Comal relies on the language in subsection (e) of this provision which reads: "This section does not waive sovereign immunity to suit in federal court." *Id.* This statute, however, cannot provide protection to Comal County. A state statute cannot be used to defeat the Federal Constitution. In *Cowles v. Mercer County*, the U.S. Supreme Court held that a state statute that limited the jurisdiction of suits against counties to state courts within the defendant county did not apply to the federal courts. *Cowles*, 74 U.S. at 121–22. In *Cowles*, a citizen of New York filed suit against the board of supervisors of Mercer County, Illinois, in the U.S. District Court for the Northern District of Illinois. *Id.* at 119. Citing a state statute that limited such suits to state courts, the defendant county moved to dismiss the case for want of jurisdiction. *Id.* Classifying the board as a corporation and it having its place of business within that state, the Supreme Court regarded the county as a "citizen within the meaning of the Constitution giving jurisdiction founded upon citizenship." *Id.* at 121. The Court declared: "The power to contract with citizens of other States implies liability to suit by citizens of other States, and no statute of limitation of suability can defeat a jurisdiction given by the Constitution." *Id.* at 122. Here, Comal County, not being an arm of the

5

state, has no sovereign immunity to waive. Therefore, the Eleventh Amendment provides it no protection from suit in federal court. Moreover, enforcing the Texas statute would effectively limit the jurisdiction of the federal court and require a citizen from another state to seek redress in a Texas state court—similar to the situation in *Cowles*. Such a provision cannot defeat "a jurisdiction given by the Constitution." *See id.* Consequently, Comal County is not immune from suit in federal court.

**B. Declaratory Judgement is not barred**

Comal further asserts that declaratory relief is barred because it is a claim upon which relief cannot be granted and that CH2M's request for declaratory judgment is an attempt to circumvent Comal's sovereign immunity from suit. (Reply at 1.) Comal's assertion of sovereign immunity does not apply in this case. *See supra* Part A. The United States Court of Appeals for the Fifth Circuit has concluded that the constitutionalized doctrine of sovereign immunity encompasses the proposition that "State sovereign immunity does not preclude declaratory or injunctive relief against state officials." *See Comstock Oil & Gas Inc. v. Ala. and Coushatta Indian Tribes of Tex.*, 261 F.3d 567, 570 (5th Cir. 2001) (citing to *TTEA v. Ysleta Del Sur Pueblo*, 181 F.3d 676, 680–81 (5th Cir. 1999)). It follows that Comal, as a county, is not considered an "arm of the state" under Eleventh Amendment jurisprudence and is similarly not immune to suit for declaratory and injunctive relief in this Court.

The Declaratory Judgement Act, 28 U.S.C. § 2201 (2006), upon which CH2M relies on in its complaint, allows a court of the United States, "in a case of actual controversy within its jurisdiction . . . upon the filing of an appropriate pleading, [to] declare the rights and other legal relations of any interested party seeking such declaration . . . ." *Id.* In the case before this Court there is an actual controversy within its jurisdiction. CH2M has filed an appropriate pleading

requesting declaratory relief and asserting that declaratory judgment will serve a useful purpose in clarifying and interpreting provisions from this contract. (Resp. at 3.) The Fifth Circuit has held that a plaintiff invoking diversity jurisdiction may bring an action for declaratory judgment. *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383 (5th Cir. 2003). CH2M has properly brought a controversy of justiciable nature in which "the existence or non existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of status, may be declared." *See* FED. R. CIV. P. 57 advisory committee's note. Declaratory judgment is proper in this case.

**C. Court's jurisdiction over both claims**

CH2M brings a cause of action for breach of contract and request for Declaratory Judgment. (Compl. at 2–3.) Comal County argues that the Court should abstain from exercising its jurisdiction over this case, claiming that the Declaratory Judgment action was brought in an effort to frustrate any of its attempts to file suit in state court. The Court notes that: "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Sherwin-Williams Co.*, 343 F.3d at 391. Defendant fails to note that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Notably, "[i]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Id.* (quoting *Ala. Pub. Serv. Comm'n. v. S. Rail Co.*, 341 U.S. 341, 361, 71 S.Ct. 762, 774, 95 L.Ed. 1002, 1015 (1951) (Frankfurter, J., concurring in result)). A Court holds original jurisdiction over civil actions where the matter in controversy exceeds the sum or

7

value of $75,000 and is between citizens of different States. 28 U.S.C. § 1332 (2006). Here, even if Defendant were to merely bring a breach of contract claim, this Court would still have jurisdiction as it involves diverse parties with an amount in controversy in excess of $75,000. Plaintiff's request for Declaratory Judgment and the claim for breach of contract both arise from the dispute regarding the termination of the contract by Comal. Jurisdiction over both of these claims in proper. The Fifth Circuit has held that federal courts have a "virtually unflagging obligation to exercise the jurisdiction conferred upon them, and unless there is a legitimate reason to abstain, federal courts cannot abdicate their authority or duty in any case in favor of another jurisdiction." *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 538 (5th Cir. 2002) (citing *Colo. River Water Conservation Dist.*, 424 U.S. at 817, and *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). There are no exceptional circumstances warranting abstention in the case before this Court; therefore, not only is it proper to hear both claims of CH2M, it is an obligation.

**D. Standing**

Comal County argues that CH2M does not have standing to bring a suit. To have standing a plaintiff must show (1) that it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) that the injury is fairly traceable to the defendant's conduct; and (3) that a favorable judgment would redress the injury. *See Houston Chron. Publ'g Co. v. City of League City*, 488 F.3d 613, 617 (5th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Comal County argues that "Plaintiff's Complaint merely states that the contract was terminated by Comal wrongfully without specifying whether or not the contract was terminated pursuant to the termination provisions in the contract." (Mot. at 6.) The Court is uncertain exactly how this presents a constitutional standing issue at this juncture. CH2M has

alleged that it has a contract with Comal County that Comal County wrongfully terminated. A wrongful termination, if true, would constitute an injury-in-fact. CH2M alleged that Comal terminated the contract with CH2M. If true, then the injury is the result of Comal's actions. CH2M seeks actual damages. Actual damages would redress the injury for breach of contract. In addition, CH2M has sufficiently pled its claim for declaratory judgment. *See supra* Part B. Clearly, CH2M's allegations demonstrate that is has standing to pursue its claim against Comal.[1]

**E. Ripeness**

Comal also strangely argues that this case is not ripe for the Court's consideration. To determine whether a case is ripe requires a court "to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *El Paso Indep. Sch. Dist. v. Richard R.*, 567 F. Supp. 2d 918, 930 (W.D. Tex. 2008 (quoting *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 814, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003)). Comal argues that because it has not sued CH2M, the claims are premature for adjudication. (Mot. at 7.) CH2M's allegations present a controversy for this Court to evaluate. Plaintiff alleges that it was wrongfully terminated without cause and suffered damages. (Resp. ¶ 13.) There is no indication that the contract in question requires review by an administrative agency or that the parties do not dispute

---

[1]Although Comal states that CH2M does not state a claim pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, Comal fails to explain how CH2M's allegations do not state a claim for breach of contract. To state a claim for breach of contract, a plaintiff must show the following elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Valero Mktg. & Supply Co. v. Kalama*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Here, Plaintiff has alleged that it had a contract with Defendant, it tendered performance, and Defendant wrongfully terminated the contract that resulted in damages. *See* Compl. ¶¶ 8–9. CH2M has set forth the allegations to make a claim for breach of contract.

some aspect of the document.  Consequently, CH2M's allegations present a controversy that is ripe for judicial resolution.

**Conclusion**

Defendant's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) is DENIED.  This Court has subject matter jurisdiction of Plaintiff's request for declaratory relief arising from diversity jurisdiction, as well as jurisdiction over Plaintiff's claim for breach of contract.

It is so ORDERED.

SIGNED this 27th day of October, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE